CLD-354                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3578
_____

EMERITA T. GUESON, M.D.,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:13-cv-04638)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 28, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 5, 2014)
_____

OPINION
_____

PER CURIAM

       In the Court of Common Pleas for Bucks County, Bank of America, N.A., filed a

mortgage foreclosure suit against Emerita T. Gueson relating to her property at 6305

Forge Turn, Bensalem, Pennsylvania.  Initial efforts at service failed, but a process server

ultimately personally served Gueson.  She did not defend against the suit, and judgment

was entered in favor of Bank of America, N.A., and against Gueson.  Gueson then

removed the matter to federal court and sought monetary and injunctive relief.

Bank of America, N.A., filed a motion to remand the case, arguing, inter alia, that the Rooker-Feldman doctrine[1] barred the suit. The District Court agreed, granted the motion to remand for that reason and others, and denied Gueson's motions for relief as moot.

Gueson filed an appeal, which Bank of America, N.A., sought to dismiss. Gueson opposed the motion, filed a document in support of her appeal, and presented a motion for emergency injunctive relief relating to conditions at the Bensalem property. We granted the motion to dismiss the appeal, concluding that the remand order was not reviewable pursuant to 28 U.S.C. § 1447(d). We also denied Gueson's motion for emergency injunctive relief as moot. See Bank of Am., N.A. v. Gueson, C.A. No. 13-4347 (order entered Mar. 18, 2014). We denied Gueson's subsequent motion for rehearing. See Bank of Am., N.A. v. Gueson, C.A. No. 13-4347 (order entered Aug. 20, 2014).

Gueson now presents a petition for a writ of mandamus. Gueson argues that the writ should issue because the District Court erred in light of the service issue in the state court (she also asserts more generally that pro se litigants are at a disadvantage in state courts). Gueson further contends that the District Court erred in concluding that remand was proper because the Rooker-Feldman doctrine barred the suit. She claims that she has suffered harm to her health and her property (she lists items in the Bensalem property that she wants returned and states that "6305 should be restored" to an earlier condition).

---

[1] The doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

As Gueson recognizes, mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  Id. (citations omitted).  To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Gueson does not meet the standard for mandamus relief.  Essentially, through her mandamus petition, Gueson seeks to appeal again from the District Court's decision or to somehow continue the appeal that we previously dismissed.  However, mandamus is not a substitute for appeal.  See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Accordingly, we must deny her petition.